UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK GROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:04CV241 HEA |
| | ) | |
| MISSOURI MOUNTING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion for Summary Judgment, [Doc. # 57]. Plaintiff opposes the motion and has filed a written memorandum in opposition. For the reasons set forth below, the motion is denied.

## **Facts and Background**

Plaintiff filed this action alleging age discrimination in his employment with defendant under the provisions of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* Plaintiff was born on May 17, 1929. He was employed by defendant until December 26, 2002. In his Amended Complaint, plaintiff alleges that when he was advised of the termination, he was told by the owner of defendant that he [the owner] wanted plaintiff to retire, stating that "after all, you are 73." Plaintiff further claims that was replaced by a younger woman and that his age was the only reason for his termination.

On May 22, 2003, plaintiff completed an EEOC Intake Questionnaire. This questionnaire was received by the EEOC on June 6, 2003. On June 12, 2003, and investigator for the EEOC sent plaintiff a letter in which plaintiff was advised, among other things, that he had 180 days from the date of the event that he alleged was discriminatory to file a charge to protect his rights under state law and that he must file within 300 days from that date to protect his rights under federal law. Plaintiff was further advised that he had not filed a charge as of the time of the letter. The letter also stated that plaintiff needed to contact the investigator within 10 days from the date of the letter or the information plaintiff submitted would be placed in an inquiry file and would not be filed as a charge. Plaintiff signed the Charge of Discrimination which was prepared by the investigator on June 25, 2003, 181 days from his termination. Defendant moves for summary judgment because the Charge was not filed within 180 days from the alleged discrimination, *i.e.*, the termination of his employment.

## Summary Judgment Standard

The standards for summary judgment are well settled. Summary judgment is appropriate when there exists no genuine issue as to any material fact. *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to

judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## Discussion

The salient facts are not disputed. The only issue before the Court on defendant's motion is whether plaintiff timely filed a Charge of Discrimination.

Defendant argues that because the actual Charge was filed 181 days after his termination, his charge was not timely. The ADEA provides that a charging party must file a charge of discrimination with the EEOC within either 180 or 300 days fo the alleged unlawful occurrence, depending on whether the alleged practice occurred in a "deferral state." 42 U.S.C. § 200e-5(e)(1). In non-deferral states, a charge must be filed within 180 days of the alleged discriminatory act in order to be timely filed. *Id.* Missouri law prohibits age discrimination against persons who are "forty or more years but less than seventy years." Mo.Rev.Stat. § 213.010(1). Defendant therefore argues that because plaintiff did not file his Charge of Discrimination until 181 days from the alleged discrimination, he is barred from filing suit.

Plaintiff does not dispute that for purposes of this case, because plaintiff was older than 70 at the time of the alleged discrimination, Missouri is considered a non-deferral state and therefore his charge must have been filed within 180 days from the alleged discrimination. However, plaintiff argues that the submission of the Intake Questionnaire satisfies the filing requirement. Alternatively, plaintiff argues that the time requirement should be equitably tolled.

Defendant argues that the Intake Questionnaire did not serve as a timely filed charge of discrimination because it was clear that the EEOC did not view it as one.

Defendant cites *Diez v. Minnesota Mining and Manufacturing Company*, 88 F.3d 672 (8th Cir. 1996) and *Schlueter v. Anheuser-Busch, Inc*, 132 F.3d 455 (8th Cir. 1998). In *Diez*, the Eighth Circuit distinguished between a Complaint and a Charge under the EEOC regulations. In *Schlueter*, the Court found that the EEOC does not intend the intake questionnaires to routinely function as a charge. The Court noted that this determination is to be made on a case by case basis.

Subsequent to both these cases, the United States Supreme Court decided *Edelman v. Lynchburg College*, 535 U.S. 106 (2002). In *Edelman*, the Court upheld an EEOC regulation, 29 C.F.R. § 1601.12(b), which allows a technically flawed charge of discrimination to be perfected by later amendment. In *Edelman*, the fact that the complainant's original letter was unverified did not serve as a procedural bar. The *Edelman* Court, however, did not reach the question of what constitutes a charge of discrimination. A charge is liberally interpreted and must include, *inter alia*, "the full name, address, and telephone number of the person making the charge" and "[a] clear and concise statement of the facts." 29 C.F.R. § 1601.12(a). Notwithstanding other provisions, a "charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Id*. § 1601.12(b). While a mere writing may be insufficient to

satisfy the requirements of a charge, when the writing contains all of the regulations' elements, the writing will be sufficient to constitute a charge for timing purposes.

On remand in the *Edelman* case, the Fourth Circuit held that plaintiff's letter was a valid charge of discrimination despite the EEOC's actions to the contrary. 300 F.3d 400, 404-05 (4th Cir. 2002). In this case, plaintiff's Intake Questionnaire contains all of the requirements of 29 C.F.R. 1601.12(a). It is verified, and includes his name, address, telephone number and a clear and concise statement of the facts. It is sufficiently precise in its identification of the parties and the actions taken with respect to plaintiff's employment. Under a liberal interpretation, the Intake Questionnaire which was completed by plaintiff on May 22, 2003 and received by the EEOC on June 6, 2003 must be considered a charge of discrimination.[1]

## **Conclusion**

Plaintiff's Intake Questionnaire satisfies the requirements for filing a charge of discrimination. The questionnaire was received by the EEOC on June 6, 2003, which was within the 180 day time limit.

---

[1] The Court finds defendant's attempt to distinguish *Laurence v. Cooper Communities, Inc.*, 132 F.3d 447 (8th Cir. 1998) and *Schlosser* v. Westinghouse Electric Company, 2001 WL 1746574 (E.D. Mo 2001) because these cases were not based on the ADEA, unpersuasive. The Code of Federal Regulation applies to ADEA cases as well as sex discrimination cases. A charge with the EEOC must contain the requirements under either type of discrimination.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment, [Doc. # 57], is denied.

Dated this 29th day of December, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE